**YHT, INC., an American Samoa corporation, Appellant,**

**v.**

**PROGRESSIVE INSURANCE COMPANY,**
**(Pago Pago), et. al., Appellee.**

High Court of American Samoa
Appellate Division

AP No. 19-03

February 19, 2004

Before KRUSE, Chief Justice.

Counsel: For Appellant, Paul F. Miller
For Appellee, William H. Reardon

ORDER DENYING MOTION TO EXTEND
TIME AND GRANTING MOTION TO DISMISS

The trial court's decision from which this appeal was taken was rendered on July 18, 2003. On October 17, 2003, the trial court denied Appellant YHT, Inc.'s ("YHT") motion for reconsideration or new trial. On October 23, 2003, YHT filed its notice of appeal. On January 14, 2004, YHT filed a motion for a thirty-day extension of time in which to file its brief and to designate the record. Appellee Progressive Insurance Company ("Progressive") opposed the motion to extend time and moved to dismiss YHT's appeal under Appellate Court Rules 10(b)(5) and 31(c). For the reasons stated below, we deny YHT's motion for an extension of time and grant Progressive's motion to dismiss under Appellate Court Rule 31(c).

On January 14, 2004, YHT filed its motion for an extension of time claiming that a mail delay prevented its attorney from preparing the brief. According to YHT, the trial transcripts were served on its attorney (via his court mailbox) on December 3, 2003. However, YHT's attorney was located in Grand Junction, Colorado and claims that during this time

3

there was a delay in mail service from American Samoa to Colorado because of the "holiday flight schedules and flights being cancelled because of weather conditions." Because of this alleged delay, YHT seeks an extra thirty days in which to file its brief.[1]

Progressive opposes the motion, arguing that YHT failed to comply with Appellate Court Rule 10(b) regarding the record on appeal, and therefore, failed to perfect its appeal. Progressive also argues that even assuming YHT met the requirements of Rule 10(b), it still failed to timely move for an extension of time and failed to serve Progressive with its motion. Progressive also argues that it will suffer prejudice if YHT's motion for an extension of time is granted because the extension will prevent the appeal from being heard at the upcoming April appellate session. Progressive makes its motion to dismiss the appeal using many of the same arguments.

■ Assuming YHT complied with Rule 10(b) regarding the trial transcript and that it was served with the transcript on December 3, 2003 (as indicated by YHT's counsel), its brief was due on January 12, 2004.[2] A.C.R. 31(a). However, YHT did not move for an extension of time until January 14, 2004, after the deadline had already passed. YHT makes no attempt to excuse or even acknowledge its failure to request an extension prior to the filing deadline. Motions for an extension of time should be filed before rather than after a deadline has passed. *See Hawaiian Airlines v. Am. Samoa Gov't*, 11 A.S.R.2d 116, 117 (App. Div. 1989); *Leota v. Sese*, 10 A.S.R.2d 155, 157 (App. Div. 1989). Moreover, YHT failed to serve Progressive with its motion and made no attempt to excuse its failure to follow the Appellate Court Rules. A.C.R. 27(a). YHT's motion to extend the deadline for the filing of its brief is untimely and, therefore, denied.

■ Even if YHT made a timely motion for an extension of time in which to file its brief, it would have still been denied. Any extension will delay the appeal until the next appellate session. This Court "has been

[1] Even though the transcripts were served on YHT's counsel on December 3, 2003, they were not sent to him in Colorado until December 17, 2003. At this same time, the client case file was sent to YHT's attorney in Colorado. YHT does not explain why there was a two week delay in sending the packages off-island nor does it explain why the client case file (a file its counsel says he "needed to properly prepare" the brief) was not sent at an earlier date. If YHT's counsel wants to practice from Colorado, he is expected to practice with the sort of diligence required to effectively represent his clients. *See, e.g., Kaho v. Ron Pritchard Ground Servs., Inc.*, 4 A.S.R.2d 40, 45 (Trial Div. 1987).

[2] Even assuming YHT's counsel was not served with the transcript until December 4, 2003, the brief would have been due on January 13, 2004.

especially careful not to grant extensions that would cause the hearing of an appeal to be delayed from one annual appellate session to the next." *Alaimalo v. Sivia*, 17 A.S.R.2d 25, 28 (App. Div. 1990).

Additionally, because YHT has failed to file a timely brief in accordance with Appellate Court Rule 31(a), its appeal is dismissed pursuant to Appellate Court Rule 31(c).[3]

## Order

1. Appellant's motion for an extension of time in which to file its brief is denied.

2. Appellee's motion to dismiss the appeal under Appellate Court Rule 31(c) is granted.

It is so ordered.

---

[3] Although Progressive's arguments regarding YHT's failure to comply with Appellate Court Rule 10(b) have merit, the appeal can be independently dismissed under Appellate Court Rule 31(c). Under Rule 31(c) one judge of the appellate panel may dismiss the appeal when the appellant fails to file a brief; however, a dismissal under Rule 10(b)(5) must be by the appellate panel. *See, e.g., Opapo v. Puailoa*, 17 A.S.R.2d 30, 31 (App. Div. 1990).